IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY BENNETT,<br>　　Plaintiff,<br><br>　　　　v.<br><br>I.Q. DATA INTERNATIONAL INC., *a Washington Corporation, et al.*,<br>　　Defendant. | Civil Action No.<br>1:23-cv-00399-SDG |
| GREGORY BENNETT,<br>　　Plaintiff,<br><br>　　　　v.<br><br>I.Q. DATA INTERNATIONAL INC., *a Washington Corporation, et al.*,<br>　　Defendant. | Civil Action No.<br>1:23-cv-04451-SDG |

**OPINION AND ORDER**

This Order consolidates the discussion of two related cases: *Bennett v. I.Q. Data International Inc.*, Case No. 1:23-cv-0399-SDG (N.D. Ga. Jan. 26, 2023) (-399 Case) and *Bennett v. I.Q. Data International Inc.*, Case No. 1:23-cv-4451-SDG (N.D. Ga. Sept. 29, 2023) (-4451 Case).

The -399 Case is before the Court on United States Magistrate Judge Russell G. Vineyard's Report and Recommendation (R&R) [-399 Case, ECF 52], which recommends that I.Q. Data's motion for summary judgment be granted, Bennett's motion for partial summary judgment be denied, and that the case be dismissed. Bennett filed objections to the R&R. After careful consideration of the objections,

1

and with the benefit of oral argument, the Court **OVERRULES** Bennett's Objections [-399 Case, ECF 55], **ADOPTS** the R&R [-399 Case, ECF 52], **GRANTS** I.Q. Data's motion for summary judgment [-399 Case, ECF 47], **DENIES** Bennett's motion for partial summary judgment [-399 Case, ECF 38], **DENIES** I.Q. Data's motion for leave to file a post-hearing brief [ECF 62], and **DISMISSES** the -399 Case.

The -4451 Case is before the Court on Judge Vineyard's R&R [-4451 Case, ECF 9], which recommends that I.Q. Data's motion to dismiss be granted because Bennett failed to state a claim on which relief can be granted. The Court **OVERRULES** Bennett's Objections [-4451 Case, ECF 12], **ADOPTS** the R&R [-4451 Case, ECF 9], **GRANTS** I.Q. Data's motion to dismiss [-4451 Case, ECF 6], and **DISMISSES** the -4451 Case.

**I.     Legal Standard**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

**II.    The -399 Case**

    **A.    Factual Background**

The relevant undisputed facts are set forth in detail in the R&R.[1] Bennett leased an apartment from The Enclave apartment complex located in Maryland. In 2018, in Maryland state court, Bennett sued The Enclave and various other defendants for "breach of contract, breach of the implied warranty of habitability, and violations of the Maryland Consumer Protection Act" based on damages

---

[1]    -399 Case, ECF 52.

sustained due to mold in his apartment.[2] A jury awarded Bennett $2,000 and final judgment was entered on November 4, 2021.[3] According to Bennett, the judgment has not been satisfied.

In early 2022, I.Q. Data, a debt collection agency, sent Bennett a letter attempting to collect on a debt he allegedly owed The Enclave.[4] It sought a total of $5,081.09, the principal on the account plus interest.[5] Bennett, who had not collected on the judgment, hired counsel to investigate and respond to the letter. His counsel informed I.Q. Data that Bennett was represented in this matter, disputed the debt, demanded verification of the debt, and asserted various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390, et seq. ("FBPA"). In response, I.Q. Data provided Bennett's counsel with documents validating the debt, including Bennett's lease agreement as well as The Enclave's internal records documenting each outstanding charge. The letter also requested that Bennett "remit the balance in full . . . or contact [I.Q. Data's] office to discuss this debt."[6]

---

[2]  *Id*. at 10.

[3]  *Id*. at 10–11.

[4]  -399 Case, ECF 47-3.

[5]  *Id*.

[6]  -399 Case, ECF 49-3, at 44.

After receiving the second letter, Bennett brought this case against I.Q. Data and Liberty Mutual Insurance (as a surety for I.Q. Data), asserting claims pursuant to the FDCPA and FBPA, in addition to contract claims based on Liberty Mutual's status as a surety for I.Q. Data.[7]

Both parties move for summary judgment. I.Q. Data's primary argument is that there is no evidence that it sought to recover a false amount in violation of the FDCPA when it sought to collect the debt Bennett owed The Enclave. Bennett argues that the amount I.Q. Data sought was incorrect because his rental account did not reflect the $2,000 judgment he won against The Enclave in the Maryland state court action and thus, I.Q. Data sought to recover an incorrect amount.

### B.  The R&R and Bennett's Objections.

The R&R recommends denying Bennett's motion and granting I.Q. Data's motion for a number of reasons. Only the R&R's recommendation with respect to Bennett's §§ 1692e and 1692f FDCPA claim is relevant here, as that is the only (material) ground on which Bennett objected to the R&R's reasoning.[8] The R&R

---

[7]  ECF 1.

[8]  Bennett put forth two additional objections. One of which is entirely immaterial—that regardless of whether Hampshire Assets LLC technically owned the debt, it was still "owed" to The Enclave and thus, the judgment should abate the debt—and the other which the Court addresses below—that I.Q. Data brought a setoff claim and thus, dismissal is inappropriate because this claim has not been dismissed.

concluded that there is no evidence that I.Q. Data requested a false amount from Bennett when it sought payment through its letters. Further, the R&R found that Bennett failed to demonstrate that the outstanding $2,000 judgment against The Enclave was related to or in any way altered the outstanding balance that I.Q. Data sought to recover. Therefore, Judge Vineyard concluded that there was no FDCPA violation under §§ 1692e or 1692f, and the R&R recommended that the Court grant summary judgment in I.Q. Data's favor on these claims.

Bennett objects to two narrow, material findings in the R&R. First, Bennett argues that the Magistrate Judge erred by failing to recognize that the Maryland judgment reduced his rental obligation by $2,000. Therefore, Bennett argues that I.Q. Data misrepresented the amount he owed in violation of §§ 1692e and 1692f. Second, he argues that adoption of the R&R "arguably" leaves this case open, since I.Q. Data's "affirmative defense of setoff has not been dismissed"[9] and thus, dismissal is improper. These objections are reviewed *de novo*.

C. **Discussion**

1. **The R&R correctly determined that Bennett's FDCPA claims fail.**

"The FDCPA was passed 'to eliminate abusive debt collection practices.'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010). To

---

[9] -399 Case, ECF 55.

prevail on a FDCPA claim, Plaintiff must establish that: "(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Ware v. Bank of America Corp.*, 9 F. Supp. 3d 1329, 1336 (N.D. Ga. 2014). Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* Additionally, under 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* To that end, the FDCPA prohibits a debt collector from including a false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Such prohibited conduct includes collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

Bennett contends that I.Q. Data violated these provisions of the FDCPA because it demanded payment of an amount Bennett did not owe. According to Bennett, I.Q. Data sought to collect an incorrect amount since it failed to abate any amount Bennett owed under his lease by $2,000 to account for the judgment in the Maryland case. He argues that the judgment was a "credit" on his account and

that it "adjusted the rental obligations he owed his apartment complex."[10] In support, he cites to Maryland case law stating that the "value of damages in a breach of implied warranty of habitability claim is the difference in the amount of rent paid or owed and the reasonable rental value of the dwelling in its deteriorated condition." *Williams v. Hous. Auth. of Baltimore City*, 361 Md. 143, 146 (2000). In other words, Bennett argues that The Enclave was required to apply the judgment as a credit on his lease account. I.Q. Data argues that there is nothing in the record supporting the claim that the Maryland judgment abated Bennett's rental obligations and thus, no evidence that it sought to collect a false amount from Bennett.

The Court agrees with I.Q. Data. There is no evidence allowing this Court to conclude that the Maryland jury considered amounts Bennett owed on his lease and issued a judgment abating that amount. Bennett argues that his rental account was necessarily considered as a function of Maryland law since the "value of damages in a breach of implied warranty of habitability claim is the difference in the amount of rent paid *or* owed and the reasonable rental value of the dwelling in its deteriorated condition." *Williams*, 361 Md. at 146. Paid *or* owed. The appellate opinion in the Maryland case recites the jury instructions given in Bennett's case:

---

[10] -399 Case, ECF 55, at 6.

"If you find for Plaintiffs, they are entitled to the difference in the amount of rent *paid* and the value of the property they leased."[11] The jury was instructed to consider only amounts *paid*. This Court must assume the jury followed the court's instructions and thus, did not consider any outstanding amount Bennett *owed* on his lease. The Court makes no determination as to whether this was the correct application of Maryland law. The Court decides only that, considering exclusively the record before it, there is no evidence that the outstanding amount on Bennett's rental account was altered by the Maryland judgment and thus, no evidence that I.Q. Data sought to recover a false amount in contravention of the FDCPA.

### 2. Bennett failed to timely raise a claim that I.Q. Data named the wrong creditor in its debt collection activities.

For the first time at oral argument, Bennett claimed that I.Q. Data violated the FDCPA by naming the wrong creditor on the debt collection notices it sent to Bennett. He argued that both notices sent to Bennett by I.Q. Data state that The Enclave LLC was the creditor of the debt, but that Hampshire Assets, LLC actually owns the debt. However, Bennett's failure to raise this argument at any point prior to oral argument is fatal. The Court declines to consider this argument now.

---

[11] -399 Case, ECF 49-5, at 22; *Bennett v. Donaldson Group LLC*, Case No. 1372, Md. Ct. of Spec. App. (July 28, 2022).

### 3. There is no outstanding claim for offset remaining in this case.

Bennett also argues that the Magistrate Judge's recommendation to dismiss this case is incorrect because even if undersigned were to fully adopt the R&R, "I.Q. data's affirmative defense of setoff has not been dismissed."[12]

The Court disagrees. I.Q. Data did not bring a setoff claim. In its answer, I.Q. Data brought a setoff *defense* arguing that if there is an award of damages in Bennett's favor in this case, it should be setoff by the amount Bennett allegedly owes on his rental agreement. Bennett argues that setoff can only be raised as a counterclaim, not a defense. While Georgia law is clear on that point, the appropriate remedy is not to construe I.Q. Data's defense as a counterclaim, but instead to reject it as an improper defense. Because there is no counterclaim, dismissal of the -399 Case in its entirety is appropriate.

## III. The -4451 Case

### A. Factual Background

After I.Q. Data filed its answer containing the setoff defense, Bennett filed the -4451 Case. Bennett's sole allegation in this case is that I.Q. Data violated the FDCPA again by raising a setoff defense in its answer to the complaint in the -399 case.[13] I.Q. Data stated in its answers to both the original and amended -399 Case

---

[12]  -399 Case, ECF 55, at 11.

[13]  -4451 Case, ECF 1, ¶¶ 26–28.

complaints that "[a]ny recovery to [Bennett], which [I.Q. Data] denies is appropriate, should be set-off by the amount that [Bennett] owes on his underlying account."[14] Bennett asserts that this statement is another attempt by I.Q. Data to collect a debt that is inaccurate.[15] Bennet also asserts that I.Q. Data's attempt to collect the alleged debt via its answer in the -399 Case caused him to suffer "stress, anxiety, and emotional distress."[16]

Judge Vineyard recommends that Bennett's complaint be dismissed in its entirety because it fails to state a claim.[17] Bennett objects on the ground that the R&R erred in concluding that "I.Q. Data's affirmative defense of setoff is not debt collection activity."[18] Further, Bennett contends that the R&R erred by analyzing I.Q. Data's answer to the amended complaint in the -399 Case "through the lens of a debt collection letter or communication" instead of as a "setoff claim in litigation."[19] These objections are reviewed *de novo*.

---

[14]   -399 Case, ECFs 5, at 3, 14 at 3.

[15]   -4451 Case, ECF 1, at ¶¶ 24, 27.

[16]   *Id*. ¶¶ 31–32.

[17]   -4451 Case, ECF 9.

[18]   -4451 Case, ECF 12, at 5.

[19]   *Id.* at 7.

### B. The R&R correctly determined that I.Q. Data's attempt to bring a setoff defense is not an FDCPA violation.

Whether the alleged facts are sufficient to state a claim for a violation of the FDCPA depends on whether I.Q. Data's answers in the -399 Case can be construed as a debt collection activity. The Court concludes they cannot be.

### 1. I.Q. Data's setoff defense is not a debt collection activity.

During oral argument Bennett argued that litigation is always a debt collection activity. Not so. Litigation activities are governed by the FDCPA. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1299 (11th Cir. 2015) ("Both the clear language chosen by Congress and the Supreme Court's explicit pronouncement in *Heintz v. Jenkins*, 514 U.S. 291 (1995), compel the conclusion that the FDCPA applies to all litigating activities of debt-collecting attorneys, subject only to § 1692e(11)'s express exemption."). However, the fact that litigation activities may be subject to the FDCPA's requirements does not mean that the statement at issue violated the FDCPA or was itself a "debt-collection activity." *Miljkovic*, 791 F.3d at 1304 (holding that the FDCPA applied to the defendants' conduct, but the plaintiff failed to sufficiently allege that defendants engaged in conduct prohibited by the FDCPA). To determine whether the statement at issue is an attempt to collect debt, "the Court examine[s] its language." *Anderman v. JP Morgan Chase Bank, Nat'l Ass'n*, 803 F. App'x 290, 294 (11th Cir. 2020) (per curiam).

Bennett argues that the answers in the -399 case are "akin to a collection lawsuit" because I.Q. Data seeks to collect from Bennett by asserting a setoff defense. Bennett specifically points to *National City Bank v. Busbin*, 175 Ga. App. 103 (1985), and *Stewart v. Stewart*, 236 Ga. App. 348 (1999), for the proposition that a setoff defense must be treated as a claim against Bennett. Therefore, Bennett argues that a legal claim for setoff is necessarily a debt collection activity. However, the cited cases demonstrate the opposite: "[Setoff] must be asserted as a counterclaim rather than a defense." *Stewart*, 236 Ga. App. at 349; *Busbin*, 175 Ga. App. at 106 ("[B]ecause [Defendant] has not affirmatively asserted his setoff claim as a counterclaim, there is no genuine issue of material fact as to the amount of the alleged set off."). No counterclaim was filed either in the -4451 Case or the -399 Case. Therefore, I.Q. Data's defense is not fairly characterized as a debt collection activity, and I.Q. Data has not made a "legal claim" against Bennett to collect a debt. If I.Q. Data wanted a setoff against Bennett, Georgia law required that it do so by filing a counterclaim, and no such claim was filed against Bennett.

### 2. I.Q. Data's statement does not contain the recognized hallmarks of a debt collection activity.

Notwithstanding the fact that I.Q. Data did not file a counterclaim, the statement could be a debt-collection activity if it contains the recognized hallmarks of a debt collection activity. *Morton v. Lien Filers, etc. of Heath W. Williams, L.L.C.*, No. 22-12106, 2024 WL 1266186, at *5 (11th Cir. Mar. 26, 2024). The recognized

13

hallmarks of debt collection activities include reference to the amount owed, implicit or explicit demand for payment, and discussion of the repercussions if payment is not tendered. *Pinson v. Albertelli L. Partners LLC*, 618 F. App'x 551, 553 (11th Cir. 2015) (per curiam).

Here, I.Q. Data's answers to the original and amended complaints do not contain the recognized hallmarks of a debt collection activity. First, there is no reference to the amount owed on the underlying account. The answers did not make any specific reference to the amount that Bennett's claim should be set off by. In the context of ongoing litigation, specific reference to the amount owed may look like a specific prayer for relief or an amount of alleged damages, something that may be present in a counterclaim.

Second, there is no implicit or explicit demand for payment. While I.Q. Data asked the Court to consider setoff as a defense, Georgia law requires that setoff be raised as a counterclaim. A legal defense is not a demand for payment or prayer for relief. I.Q. Data's statements fail to function as demands for payment or a prayer for relief in the absence of a counterclaim. Finally, the answers contain no discussion of repercussions for a failure to pay. Bennett did not allege that the answers mentioned any additional consequences or legal action I.Q. Data would take if it was unable to set off the debt or collect on it.

The purpose of the FDCPA is to prevent abusive debt collection practices. I.Q. Data's mild statement in a court filing and the surrounding circumstances do not reflect the type of abuse that the Act was created to discourage. The statement "[a]ny recovery to [Bennett], which [I.Q. Data] denies is appropriate, should be set-off by the amount that [Bennett] owes on his underlying account,"[20] is not a debt collection activity, and no construction of the alleged facts could make it so.

## IV. Conclusion

As to the -399 Case, the Court **OVERRULES** Bennett's Objections [ECF 55], **ADOPTS** the R&R [ECF 52], **GRANTS** I.Q. Data's motion for summary judgment [ECF 47], **DENIES** Bennett's motion for partial summary judgment [ECF 38], **DENIES** I.Q. Data's motion for leave to file a post-hearing brief [ECF 62], and **DISMISSES** the case with prejudice.

As to the -4451 case, the Court **OVERRULES** Bennett's Objections [ECF 12], **ADOPTS** the R&R [ECF 9], **GRANTS** I.Q. Data's motion to dismiss [ECF 6], and **DISMISSES** the case with prejudice.

---

[20]   -399 Case, ECFs 5, at 3, 14 at 3.

The Clerk of Court is **DIRECTED** to close the -399 Case and the -4451 Case.

**SO ORDERED** this 30th day of September, 2024.

                                            Steven D. Grimberg
                                    United States District Judge